COMMONWEALTH OF KENTUCKY FILED ATTESTED
COURT OF JUSTICE
BULLITT CIRCUIT COURT 2014 SEP 10 AM 11 50

CIVIL CASE NO. 14-CI-841

BULLITT CIRCUIT CLERK
BY _____ D.C.
SHEP. KY 40165

JEFFREY LUGENBEAL                                           PLAINTIFF
114 Fairway Hill
Bardstown, KY 40004

## VERIFIED COMPLAINT

BEST BUY CO., INC. d/b/a
GEEK SQUAD CITY                                             DEFENDANT

SERVE:   C T CORPORATION SYSTEM
         306 West Main Street, Suite 512
         Frankfort, KY 40601

\*\*\*\*\*\*     \*\*\*\*\*\*     \*\*\*\*\*\*

Comes the Plaintiff, by Counsel and upon being duly sworn, does state as follows for his verified Complaint herein:

### FIRST CAUSE OF ACTION

1. Plaintiff is a resident of Nelson County, Kentucky, and was employed by Defendant in Bullitt County, Kentucky, at all times relevant to this cause of action.

2. Defendant, Best Buy Co. Inc. d/b/a Geek Squad City (hereinafter "Best Buy"), is a Minnesota corporation licensed and authorized to do business in the Commonwealth of Kentucky, Brooks, Bullitt County, and has its principal office at 7601 Penn Avenue South, Richfield, Minnesota.

3. Upon information and belief, Geek Squad City is a wholly owned subsidiary of Defendant, Best Buy, or Best Buy operating under an assumed

name, Geek Squad City, and has its principal place of business operations in Brooks, Bullitt County, Kentucky.

4. Plaintiff has been employed by Defendant in Bullitt County, Kentucky, from September 20, 2010, until his recent termination on September 19, 2013.

5. Plaintiff, upon information and belief, was terminated on the basis of harassment allegations made against him by a co-worker whom Plaintiff had made allegations of harassment against previously, and who had been terminated from his employment with Defendant prior to Plaintiff being terminated.

6. Plaintiff had made reports to managers and supervisors employed by Defendant regarding verbal harassment and taunting of Plaintiff because of his speech impediment which is specifically prohibited under the protections afforded by the Americans with Disabilities Act. The conduct of the co-worker was addressed by the termination of that co-worker and the Plaintiff from their employment.

7. Defendant allowed Plaintiff to be subjected to a hostile work environment by a co-worker who managers and supervisors failed and refused to curb or restrain co-worker's objectionable behaviors. When said managers and supervisors did finally act, they terminated both Plaintiff and his tormentor.

8. As a result of the actions, and failures to act of Defendant's employees and agents, Plaintiff was deprived of his reasonable expectation of continued employment with Defendant, all to his damage in an amount in excess of that necessary to invoke the jurisdiction of this Court.

## SECOND CAUSE OF ACTION

9. Plaintiff, by reference, hereby restates each of the foregoing allegations as if repeated here verbatim.

10. Plaintiff believes the action taken here is in retaliation for having his previous termination from employment overturned, and his re-instatement to employee status with back pay.

11. Plaintiff was previously terminated for a violation of the attendance policy, which he established was, in fact, not violated, and alleged that he was being harassed in the work place.

12. Plaintiff believes his termination was caused, once again, by his reporting of work place harassment by a co-worker, and as retaliation for his previous over-turn of a termination of employment.

13. Plaintiff believes his reporting of the harassment and hostile work environment led to him being categorized as a "bad" employee and someone to be gotten rid of as quickly as possible. Prior to this sequence of events, Plaintiff was on the fast track with the company and was told that he was being considered for further promotion and advancement with the company. He, in fact, received a merit increase in pay on his last paycheck.

14. Plaintiff's termination was premeditated, and done in retaliation for his over-turning his previous termination.

15. Defendant's actions constitute outrageous conduct in reckless disregard for Plaintiff's rights and expectations, and should render them liable for such punitive damages as the trier of fact may determine.

WHEREFORE, Plaintiff respectfully prays for the following relief be granted upon his Complaint:

1. Trial by jury on all issues so triable;

2. Judgement in accordance with the evidence produce at trial for the damages Plaintiff has sustained and incurred as a result of his loss of employment, unemployment benefits, and benefits to which he would have been entitled but for Defendant's actions;

3. Judgement for such punitive damages as the jury may award for the outrageous and extreme actions of Defendant in disregard for the rights and well being of Plaintiff;

4. Judgement for his costs incurred in bringing this action; and

5. For such other Orders and relief to which he may appear entitled.

## VERIFICATION

The undersigned, Jeffrey Lugenbeal, and upon being duly sworn, states that he has read the foregoing Verified Complaint, and that the allegations are true and correct to the best of his knowledge and belief.

COMMONWEALTH OF KENTUCKY )
)
BULLITT COUNTY ) JEFFREY LUGENBEAL

Subscribed and sworn to before me by Jeffrey Lugenbeal this 15th day of August 2014.

_____
Notary Public, State at Large

My Commission expires: 6/21/2017

Respectfully submitted,

*[signature]*

MICHAEL L. JAMES
123 South Seventh Street
Louisville, KY 40202-2703
Phone:  585=4963
Fax:       585-4978